**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA  DIVISION**

|  |  |  |
|---|---|---|
| WILLIE WATERS, | : | |
| Plaintiff, | : | |
| VS. | : | |
| GEORGIA DEPT. OF CORRECTIONS, | : | NO. 7:10-CV-105 (HL) |
| WILLIAM C. DANFORTH, | : | |
| TED PHILBIN, CALVIN ORR, and | : | |
| CRAIG CONLEY, | : | |
| Defendants. | : | **ORDER & RECOMMENDATION** |

Plaintiff **WILLIE WATERS**, an inmate at  Baldwin State Prison in Hardwick, Georgia, has

filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security

therefor pursuant to 28 U.S.C. § 1915(a).  Based on plaintiff's submissions, the Court finds that

plaintiff is unable to prepay the filing fee.  Accordingly, the Court **GRANTS** plaintiff's motion to

proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. §

1915(b)(1).  Plaintiff is nevertheless obligated to pay the full filing fee, as is directed later in this

Order and Recommendation.  The Clerk of Court is directed to send a copy of this Order and

Recommendation to the business manager of Baldwin State Prison.

*I.  STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening

of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of

a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint

that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2)

"seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual

allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v.*

*Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include

"enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and

the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)

(noting that "[f]actual allegations must be enough to raise a right to relief above the speculative

level," and that the complaint "must contain something more . . . than … a statement of facts that

merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and

citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that

"threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed

as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "*[p]ro se* pleadings

are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be

liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or

omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of

2

the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II.  STATEMENT AND ANALYSIS OF CLAIMS

Plaintiff filed a case involving these same facts on July 10, 2010. *See Waters v*. *Danforth*, 7:10-CV-87 (HL).  On September 9, 2010, Plaintiff filed a motion requesting that his case be dismissed without prejudice and the named defendants did not object to the dismissal.  The Court dismissed the case without prejudice on April 5, 2010.  On May 5, 2010, Plaintiff requested to re-open the case.  The Court denied the request and explained to Plaintiff that he would have to file a new lawsuit.  Plaintiff has now filed a new lawsuit.

Plaintiff alleges that he was incarcerated at Valdosta State Prison from January 13, 2009 to November 17, 2009 and during this time he was in a "non-smoking housing unit" known as the J-1 dormitory.  Plaintiff states that, despite the non-smoking designation, inmates and correctional officers regularly smoked and burned "toilet paper wicks."  Plaintiff explains that his cell mate smoked three packs of cigarettes each day in the cell that he shared with plaintiff and kept a "toilet

3

paper wick" burning all day, every day.  Plaintiff states that the cell had poor ventilation and the only window in the cell would not open.  Plaintiff maintains that Officer Conley smoked in the J-1 dormitory and assisted and permitted inmates, including plaintiff's cell mate, to smoke cigarettes and burn "toilet paper wicks."

Plaintiff maintains that he notified defendants Georgia Department of Corrections, Warden Danforth, and Deputy Wardens Philbin and Orr about the cigarette smoke and the smoke from the "toilet paper wicks."  Plaintiff states that these defendants "condoned and approved of" smoking in the J-1 dormitory.  Plaintiff explains that he repeatedly contacted Warden Danforth and Deputy Wardens Philbin and Orr asking if could be moved to a different cell away from his chain-smoking cell mate.  Plaintiff alleges they ignored his requests.  Plaintiff states that he even sent them a "medical recommendation" that he received from the nurse at Valdosta State Prison in which she informed him that he should "get a roommate who does not smoke."

Plaintiff claims that his exposure to this second-hand smoke caused him to experience a number of health problems, including:  a sore throat, burning eyes, nausea, dizziness, vomiting, difficulty in breathing, coughing, and sore lungs.  Plaintiff explains that the severity of these symptoms increased over time.

Plaintiff has named the Georgia Department of Corrections as a defendant.  However, the State of Georgia and its agencies are immune from suit under the Eleventh Amendment.  ***See Will v. Michigan Dep't of State Police***, 491 U.S. 58, 71 (1989); ***Pennhurst State Sch. & Hosp. v. Halderman***, 465 U.S. 89 (1984).

Plaintiff requests both injunctive and declaratory relief as well as damages.  Plaintiff is no longer confined at Valdosta State Prison.  Under established law in this circuit, a prisoner's claims for injunctive and declaratory relief are mooted by his transfer to another prison.  *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985); *McKinnon v. Talladega County*, 745 F.2d 1360, 1363 (11th Cir. 1984).  Plaintiff claims that he should be allowed to seek injunctive and declaratory relief because he may be transferred back to Valdosta State Prison at some time in the future.  However, the United States Court of Appeals for the Eleventh Circuit Court has considered this argument and held that mere speculation that a plaintiff may one day return to the same jail or prison is not sufficient to allow for the recovery of injunctive or declaratory relief.  *McKinnon*, 745 F.2d at 1363.  Plaintiff's assertion that he may one day be subjected to second-hand smoke again at Valdosta State Prison is too speculative to create an actual controversy sufficient for the Court to grant declaratory relief.  *See City of Los Angeles v. Lyons,* 461 U.S. 95 (1983).

It is therefore **RECOMMENDED** that both the Georgia Department of Corrections and Plaintiff's claims for injunctive and declaratory relief be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order.

At this time, the Court cannot find that the claims against William C. Danforth, Ted Philbin, Calvin Orr, and Craig Conley are frivolous. Therefore, this action shall go forward against these four

defendants.

It is hereby **ORDERED** that service be made on defendants  William C. Danforth, Ted Philbin, Calvin Orr, and Craig Conley, and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*.

**Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).**

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of court; to serve copies of all motions, pleadings, discovery, and correspondence upon opposing parties or counsel for opposing parties if they are represented; and to attach to said

original motions, pleadings, and discovery filed with the Clerk a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.). The Clerk of Court will not serve or forward copies of such motions, pleadings, discovery and correspondence on behalf of the parties.

<u>**DISCOVERY**</u>

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.

7

The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:   except with written permission of the court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party.   No party shall be required to respond to any such requests which exceed these limitations.

**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

**DIRECTIONS TO CUSTODIAN OF PLAINTIFF**

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the ***Prison Litigation Reform Act***, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the ***Prison Litigation Reform Act***, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the ***Prison Litigation Reform Act***. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

### ELECTION TO PROCEED BEFORE THE
### UNITED STATES MAGISTRATE JUDGE

Under Local Rule 72, all prisoner complaints filed under provisions of 42 U.S.C. § 1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. § 636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U.S. district judge is strictly up to the parties themselves.

After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide election forms to the parties and/or to their legal counsel, if represented. Upon receipt of the election forms, each party shall cause the same to be executed and returned to the Clerk's Office

within fifteen (15) days.  Counsel may execute election forms on behalf of their clients provided they have such permission from their clients.  However, counsel must specify on the election forms on whose behalf the form is executed.

**SO ORDERED and RECOMMENDED**, this 11th day of October, 2010.

*s/THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

lnb