IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| WILLIE WATERS, | : | |
| Plaintiff, | : | |
| VS. | : | 7 :10-CV-105 (HL) |
| WILLIAM C. DANFORTH, et al., | : | |
| Defendants. | : | |

**ORDER AND RECOMMENDATION**

Plaintiff, who is proceeding *pro se,* brought the above-styled action pursuant to 42 U.S.C. § 1983 on September 27, 2010. (Doc. 2). Presently pending in this action are Defendants Danforth, Philbin, and Orr's Motion to Dismiss (Doc. 15), Defendant Conley's Motion for Summary Judgment (Doc. 26), and Plaintiff's Demand for Jury Trial. (Doc. 29).

**Factual Background**

Plaintiff's Complaint alleges that Defendants were deliberately indifferent to a substantial risk of harm to Plaintiff, violating his Eighth Amendment rights. (Doc. 2). Plaintiff asserts that from January 13 until November 17, 2009, while incarcerated at Valdosta State Prison (hereinafter "VSP"), Plaintiff was exposed to unhealthy amounts of environmental tobacco smoke (hereinafter "ETS"). Plaintiff alleges that, although he was placed in a "non-smoking housing unit" known as the J-1 dormitory, inmates and correctional officers regularly smoked. Plaintiff maintains that Defendant Officer Conley smoked inside the dorm building, and also assisted and permitted inmates, including Plaintiff's cell mate, to smoke cigarettes and burn "toilet paper wicks" despite a "no smoking" policy.

Plaintiff states that he notified Defendants Warden Danforth and Deputy Wardens Philbin

and Orr of the problem, and asked if he could be re-assigned to different housing. Plaintiff alleges that he sent Defendants Danforth, Philbin, and Orr several grievances, several witness statements, and a "medical recommendation" that he should "get a roommate who does not smoke," yet they failed to respond.

As a result of his exposure to ETS at VSP, Plaintiff claims he has experienced a number of health problems, including: a sore throat, burning eyes, nausea, dizziness, vomiting, difficulty breathing, coughing and sore lungs. Additionally, Plaintiff states that he had to be placed on prescription medication because of his exposure to ETS.

*Motion to Dismiss (Doc. 15)*

Defendants Danforth, the Warden at VSP, and Philbin and Orr, Deputy Wardens at VSP, filed a Motion to Dismiss stating that the claims against them are improperly based on a theory of vicarious liability, and thus, Plaintiff has failed to state a claim upon which relief can be granted.

A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct.1937,1949 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

In this regard, "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted).

The pleading, however, must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. The key to proper consideration of a motion to dismiss after *Twombly* is plausibility, as the "well-pled allegations must nudge the claim across the line from conceivable to plausible." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009). While the Court must accept all the allegations contained in the Complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. Thus,

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are wellpleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950.

*Leniency Afforded Pro Se Filings*

In regard to Defendants Danforth, Philbin, and Orr, Plaintiff initially alleged that he informed these Defendants through written grievances, witness statements, and a "medical recommendation" that the "no smoking" policy was not being followed, and as a result, he was experiencing serious health problems. However, in his Response to these Defendants' Motion to Dismiss, Plaintiff states that, in addition to the written correspondence, Plaintiff verbally told these Defendants of the problems he was experiencing because the "no smoking" policy was not being enforced. (Doc. 19). Defendants maintain that Plaintiff cannot attempt to amend his Complaint

through a brief in response to their Motion to Dismiss. (Doc. 23).

"A document that is filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. Furthermore, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* at 93. "As a general rule, the court cannot consider additional facts asserted in a party's memorandum in opposition to a dismissal motion." *Thomas v. Alabama State Department of Mental Health and Mental Retardation*, 2005 WL 1389875 (M.D. Ala. 2005). However, federal courts must "show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education." *GJR Invs. Inc. v. County of Escambia, Fla.*, 123 F.3d 1359, 1369 (11th Cir. 1998).

The Court finds that had Plaintiff proceeded in this action with the assistance of counsel, the facts contained in Plaintiff's Response to these Defendants' Motion to Dismiss would probably have been included in Plaintiff's Complaint. Thus, the Court finds it appropriate to relax the procedural rules which require the Court to only look to the four corners of Plaintiff's Complaint to decide if Plaintiff has sufficiently stated a claim. Under the leniency standard required for *pro se* plaintiffs, the Court will construe the facts alleged in Plaintiff's Response as a supplement to Plaintiff's Complaint. *See Jones v. Nicholson*, 2011 WL 2160918, *3 (M.D. Ga. 2011) (the court considered a *pro se* plaintiff's response and supplemental brief to be supplements to the plaintiff's complaint when ruling on a motion to dismiss).

<u>*Vicarious Liability*</u>

Defendants Danforth, Philbin, and Orr maintain that the deliberate indifference claims against them are impermissibly based on vicarious liability. "A prison official's 'deliberate

4

indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). The deliberate indifference standard has both an objective and a subjective component. "First, under the 'objective component', a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). Secondly, "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 832.

A supervisor, however, cannot be liable under § 1983 for the unconstitutional acts of his subordinates on the basis of respondeat superior or vicarious liability. *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). "A causal connection may be established when: 1) a 'history of widespread abuse' puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so; 2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or 3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so." *Mathews v. Crosby*, 480 F.3d 1265, 1270 (11th Cir. 2007).

Herein, Plaintiff is alleging that he verbally and in writing told these Defendants that he was suffering physical harm because the "no smoking" policy was not being enforced. (Docs. 2, 19). Plaintiff does not appear to be holding these Defendants liable for the alleged violations based on

5

their supervisory positions. He asserts that these Defendants had direct and personal involvement in his claim of deliberate indifference.

Plaintiff alleges that he informed these Defendants he was being exposed to dangerous levels of ETS and was having serious health problems because of it, yet they did nothing. Further, Plaintiff states that he "repeatedly contacted Defendants Warden Danforth and Deputy Wardens Philbin and Orr, either in person or through written communication, . . . asking them if he could be moved to a different cell away from his chain-smoking cell mate" so that Plaintiff could be free from exposure to ETS. (Doc. 19, pp. 8, 26). Plaintiff maintains that these Defendants were deliberately indifferent to Plaintiff's serious medical needs by allowing him to be exposed to dangerous levels of ETS, despite their knowledge of his serious health problems. *See Morefield v. Brewton*, 2008 WL 5209984, *4 (S.D. Ga. 2008) (finding the plaintiff sufficiently stated a claim for relief and was not attempting to hold the defendants liable in their supervisory position when he alleged the defendants failed to enforce the "no smoking" policy and "knew of [the plaintiff's] medical conditions and failed to abate the problem by ignoring [the plaintiff's] written and verbal requests for help").

Liberally construing Plaintiff's *pro se* Complaint and Response, the Court finds that Plaintiff has sufficiently stated a claim against these Defendants for their deliberate indifference to Plaintiff's serious medical needs. Therefore, it is the recommendation of the undersigned that Defendants Danforth, Philbin, and Orr's Motion to Dismiss be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Motion for Summary Judgment (Doc. 26)*

Defendant Conley filed his Motion for Summary Judgment on May 5, 2011. On May 6, 2011, the Court notified the Plaintiff of the filing of Defendant Conley's Motion for Summary Judgment, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of the date of the Court's Order. (Doc. 27). Plaintiff filed a Motion requesting an extension of time to file a response to the Motion for Summary Judgment. (Doc. 32). The undersigned granted Plaintiff's Motion, and gave him until July 6, 2011 to file a response to Defendant Conley's Motion for Summary Judgment. (Doc. 33). As of the date of this Recommendation, Plaintiff has failed to file a response.

**Standard of Review**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1). All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007).

As the party moving for summary judgment, Defendant has the initial burden to

7

demonstrate that no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The movant "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying those portions of the record, including pleadings, discovery materials, and affidavits, "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials –including the facts considered undisputed – show that the movant is entitled to it". Fed R. Civ. P. 56(e)(3).

## Discussion

Plaintiff alleges that Defendant Conley was deliberately indifferent to a substantial risk of harm to Plaintiff by exposing Plaintiff to ETS. In asserting that he is entitled to the entry of summary judgment in regard to Plaintiff's claim of deliberate indifference, Defendant Conley has submitted a personal affidavit, an affidavit from the prison physician, the Georgia Department of Corrections Standard Operating Procedures handbook, portions of Plaintiff's prison medical records, and Plaintiff's deposition. (Doc. 26). Defendant Conley states that he never smoked inside J-1 dormitory, nor did he ever assist any "inmate with smoking by lighting their cigarette or wick or instructing an inmate orderly to do so." (Doc. 26-3, Conley Affidavit, ¶ 8).

The medical records and affidavit from non-party Dr. Moody show that Plaintiff was seen by medical on three occasions for respiratory complaints. (Doc. 26-5, Moody Affidavit). On February 25, 2009, Plaintiff was examined by medical due to complaints of a sore throat, runny nose, cough, and headache. (*Id.* at ¶ 6). The nurse examining Plaintiff observed that Plaintiff's

8

lungs were clear and his throat was not red or irritated, and thus, Plaintiff did not need any treatment. (*Id.*). Plaintiff was advised to notify his counselor or security if he was bothered by his smoking roommate. (*Id.*). On March 12, 2009, Dr. Moody examined Plaintiff and found that Plaintiff had a minor irritation of his airway. Dr. Moody prescribed a QVAR steroid inhaler. (*Id.* at ¶ 7). Plaintiff was seen by medical again on May 7, 2009 as a follow-up from the March 12 appointment. Plaintiff had run out of the inhaler, but his lungs were clear and he was not suffering any significant respiratory condition. (*Id.* at ¶ 8). Plaintiff did not complain of any more respiratory problems during his remaining six months at VSP. (*Id.* at ¶ 9).

Plaintiff has not filed a response to Defendant Conley's summary judgment motion. The record, however, contains Plaintiff's sworn deposition testimony, submitted by Defendant Conley, with certain sections specifically pointed to and identified by Defendant Conley in support of his summary judgment motion. (Docs. 26-7 – 26-8, Waters Depo.). Although Plaintiff has neither incorporated this testimony by reference nor pointed to relevant portions of the testimony in responding to Defendant Conley's Motion for Summary Judgment, Rule 56 clearly allows for the Court's consideration of the entire record when ruling on a motion for summary judgment. "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). The notes explaining the amendment further state that "a court may consider record materials not called to its attention by the parties." *Id.* at hist. n. 2010 Amendments.

The Eleventh Circuit has also recognized that courts must consider the record as a whole in ruling on motions for summary judgment. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) ("[w]here the record taken as a whole could not lead a rational trier of fact to find for

the non-moving party, there is no genuine issue for trial") (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992) ("[i]n opposing summary judgment, the nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole"). The Court is mindful, as well, of the Plaintiff's *pro se* prisoner status, which the Eleventh Circuit has noted entitles the Plaintiff's pleadings and briefs to a more liberal construction. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990); *see also Keith v. Stewart*, 2006 WL 2298004, n. 1 (N.D. Ga. Aug. 8, 2006) (courts are reluctant to require a *pro se* prisoner to rely on more evidence than his pleadings in response to motions for summary judgment).

Thus, the Plaintiff's sworn deposition testimony is properly considered herein as part of the record as a whole and in opposition to Defendant Conley's Motion for Summary Judgment. Plaintiff provides evidence that Defendant Conley assisted other inmates in smoking and burning wicks. (Doc. 26-8, Waters Depo. p. 45, ll. 4-19). Plaintiff testified that he was seen by medical several times after March 2009 because of his persistent respiratory problems. (*Id.* at p. 60, l. 21 – p. 61, l. 19). Plaintiff states that, due to the exposure to ETS, he experienced respiratory problems, such as: sore throat; irritated, burning eyes; nausea, dizziness, and vomiting; coughing; lung discomfort; and difficulty breathing. (*Id.* at p. 54, ll.17-21).

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). A plaintiff can assert a cause of action for exposure to ETS when a prison official, acting with deliberate indifference, exposes the plaintiff to levels of ETS that pose an unreasonable risk of serious damage to his future health. *Helling v. McKinney*, 509 U.S. 25, 35 (1993). The plaintiff

must prove both an objective and a subjective component to prevail.

First, under the 'objective component', a prisoner "must show that he himself is being exposed to unreasonably high levels of ETS." *Id.* The objective component further considers "a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by ETS." *Id.* at 36. The Court must also "assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Id.*

Secondly, the plaintiff must show that the prison official acted with deliberate indifference to the plaintiff's plight. *Id.* at 35. To establish the prison official acted with deliberate indifference, the Plaintiff must show that the prison official had "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004). In regard to ETS, "the adoption of the [no] smoking policy . . . will bear heavily on the inquiry into deliberate indifference." *Helling*, 509 U.S. at 36.

In the present case, Plaintiff's medical records show that Plaintiff was treated for a minor airway irritation and inflamation on one occasion in March of 2009. (Doc. 26-6). Plaintiff's condition was treated with a QVAR inhaler. Dr. Moody re-examined Plaintiff in May of 2009 and found that, although Plaintiff's QVAR inhaler had run out, Plaintiff's lungs were clear and he was not suffering from any significant respiratory condition. (Doc. 26-5, Moody Affidavit, ¶ 8). Moreover, since leaving VSP, Plaintiff concedes that he has no respiratory problems and is no longer using the QVAR inhaler. (Doc. 26-8, Waters Depo. p. 63, l. 24 – p. 64, l. 2). While Plaintiff does state that Dr. Moody told Plaintiff that Plaintiff was allergic to cigarette smoke,

11

neither Plaintiff's medical records, nor Dr. Moody's affidavit support this assertion. (*See Id.* at p. 55, ll. 6-7; Docs. 26-5, Moody Affidavit; 26-6). Furthermore, even if Plaintiff is allergic to smoke, his medical records show that it did not cause serious medical problems while at VSP.

Plaintiff has not sufficiently shown that he was exposed to high levels of ETS which caused serious respiratory problems. While Plaintiff may have been exposed to ETS, he has provided no evidence that he was exposed to an unreasonable amount of ETS or that he is suffering from a serious respiratory condition due to the levels of ETS to which he may have been exposed. *See Giddens v. Calhoun State Prison*, 277 Fed. Appx. 847, 848 (11th Cir. 2011) (affirming summary judgment in favor of defendants when plaintiff showed he had been exposed to ETS, but presented no evidence as to the levels of ETS he was exposed to and no evidence refuting the medical diagnosis that he suffered from no serious respiratory problems); *Oliver v. Deen*, 77 F.3d 156, 158-59 (7th Cir. 1996) (finding that passive tobacco exposure was not a serious threat to an inmate who had a smoking cell mate for 133 days, even though the plaintiff suffered mild asthma). Plaintiff has not provided sufficient evidence to show that he was exposed to unreasonably high levels of ETS, or suffered a serious injury to his health from his exposure to ETS. At most, Plaintiff experienced a throat irritation on one occasion, but admits that since leaving VSP he has had no respiratory problems. Thus, Plaintiff has not shown there is a genuine issue of material fact as to the objective element of his deliberate indifference claim.

Even if Plaintiff could satisfy the objective element of his claim, he has not shown that Defendant Conley was deliberately indifferent. Plaintiff has offered no evidence that Defendant Conley was aware that Plaintiff had a medical condition which posed a serious risk to Plaintiff's health. Plaintiff testified that he told Defendant Conley that inmates were smoking, but Plaintiff

does not state that he told Defendant Conley of a serious medical problem.  (*See* Doc. 26-8, Waters Depo. pp. 38-40).

Morever, Defendant Conley has provided the Department of Corrections Standard Operating Procedures handbook which shows that there is a "no smoking" policy in place at VSP. (Docs. 26-3, Conley Affidavit, ¶ 5; 26-4).  "The lack of enforcement of the existing smoking policy at best shows mere negligence and is insufficient to demonstrate deliberate indifference." *Brown v. Head*, 190 Fed. Appx. 808, 810 (11th Cir. 2006).  Plaintiff has only provided personal observations of smoking inside the J-1 dormitory, and thus, Plaintiff has, at most, shown that Defendant Conley may have been negligent in failing to enforce the "no smoking" policy. (*See* Docs. 2-2; 26-8, Waters Depo.).  As mere negligence is insufficient to establish deliberate indifference, Plaintiff has not created an issue of material fact as to the subjective element of his deliberate indifference claim.  *Farrow*, 320 F.3d at 1243; *see also Kelley v. Hicks*, 400 F.3d 1282, 1285 (11th Cir. 2005) (plaintiff's evidence that prison officials did not enforce the "no smoking" policy was mere negligence and did not raise to the level of deliberate indifference).

Plaintiff has failed to provide sufficient evidence to establish that there is a genuine issue of material fact in dispute as to either the objective or subjective elements necessary to prove the claim of deliberate indifference against Defendant Conley.  As Plaintiff has failed to sufficiently rebut Defendant Conley's summary judgment showing, it is the recommendation of the undersigned that Defendant Conley's Motion for Summary Judgment be **GRANTED**.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Demand for Jury Trial (Doc. 29)*

Plaintiff signed this Motion on May 9, 2011 requesting the Court schedule a jury trial as to the triable claims raised against Defendant Conley. Plaintiff states that Defendant Conley did not file a dispositive motion or a motion for an extension of time to file a dispositive motion within thirty (30) days of April 5, 2011, the close of discovery. Defendant Conley filed a response agreeing to Plaintiff's calculations of time to file a dispositive motion; however, Defendant Conley asserts that he timely filed his Motion for Summary Judgment. (Doc. 31). Defendant Conley filed a Motion for Summary Judgment on May 5, 2011, which was thirty (30) days after the close of discovery, and thus, timely. (*See* Doc. 26).

The undersigned has recommended that Defendant Conley's Motion for Summary Judgment be granted; however, it has not been ruled on by the District Judge assigned to this case. As Defendant Conley's dispositive motion is still pending, Plaintiff's Notice of Demand for Jury Trial is **DENIED** at this time.

**SO ORDERED AND RECOMMENDED** , this 12th day of August, 2011.

s/ *THOMAS Q. LANGSTAFF*

UNITED STATES MAGISTRATE JUDGE

llf