IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| WILLIE WATERS, | : |
| Plaintiff, | : |
| v. | : Civil Case No. |
| | : 7:10-cv-105 (HL) |
| TED PHILBIN; WILLIAM DANFORTH; CALVIN ORR; CORRECTIONS OFFICER CONLEY, | : |
| Defendant. | : |

## ORDER

Before the Court is Magistrate Judge Thomas Langstaff's Report and Recommendation on Defendants Danforth, Philbin, and Orr's Motion to Dismiss (Doc. 15), Defendant Conley's Motion for Summary Judgment (Doc. 26), and Plaintiff's Demand for Jury Trial (Doc. 29). The Magistrate Judge recommended that the Motion for Summary Judgment be granted and the Demand for Jury Trial be denied. As neither party objected to these recommendations, they are approved and adopted as Order of the Court.

The Magistrate Judge also recommended that the Motion to Dismiss be denied, and Defendants Danforth, Philbin, and Orr filed a timely objection. After a de novo review of the record, the Court finds that the recommendation of the Magistrate Judge should be approved and adopted as the Order of the Court.

Defendants Danforth, Philbin, and Orr object to the Magistrate Judge's recommendation on two grounds. First, Defendants argue that the Magistrate Judge considered facts not included in the complaint in recommending the denial of the Motion to Dismiss. Second, Defendants contend that if the Motion for Summary Judgment is granted in favor of Defendant Conley, then the Motion to Dismiss should likewise be granted in their favor.

Defendants' first reason for objection is based on the Magistrate Judge's decision to allow Plaintiff's accusations in his Response to the Defendants' Motion to Dismiss (Doc. 19) to supplement his original Complaint (Doc. 2). The Magistrate Judge allowed this liberal construction of Plaintiff's allegations based on the well-established principle of leniency, which allows pro se litigants greater flexibility with the standards for pleadings. McNeil v. U.S., 508 U.S. 106, 113 (1993). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotations omitted). The Court has previously recognized that this policy "provides pro se laypersons with certain benefits while navigating the often-difficult legal labyrinth, [and] also provides Federal courts the ability to relax certain procedural rules when dealing with pro se parties, all in the interests of justice." Jones v. Nicholson, No. 1:07-cv-16 (WLS), 2011 WL 2160918, at *3 (M.D. Ga. Jun. 1, 2011).

Defendants' object to the application of the leniency principle in this case, arguing that leniency should not extend so far as to allow Plaintiff's Response to

the Motion to Dismiss to assert new allegations not found in the Complaint. However, this Court has previously allowed a pro se plaintiff's response and supplemental brief to add on to the plaintiff's complaint. Id. at *3. Additionally, the policies advocated by this Court supporting the pro se leniency principle are implicated in this case. As the Magistrate Judge noted, "had Plaintiff proceeded in this action with the assistance of counsel, the facts contained in the Plaintiff's Response to the Defendants' Motion to Dismiss would probably have been included in Plaintiff's Complaint." (Doc. 34, p. 4). Thus, the Court will apply the pro se leniency principle and allow Plaintiff's Response to the Motion to Dismiss to supplement Plaintiff's Complaint.

The second reason for the objection is Defendants' argument that if Defendant Conley's Motion for Summary Judgment is granted, then Defendants Danforth, Philbin, and Orr 's Motion to Dismiss should necessarily be granted as well. Defendants Danforth, Philbin, and Orr contend that the factual allegations and legal claims against all of the named Defendants are the same, and therefore, the outcome of the motions should be the same. However, Defendants fail to recognize the factual distinction drawn by Plaintiff in the Complaint. Plaintiff's allegations assert that Conley provided a lighter to Plaintiff's cellmate to enable him to smoke. Further, Plaintiff alleges that Conley occasionally smoked inside the jail. However, Plaintiff never claims that Defendant Conley was aware of any medical symptoms he was experiencing.

On the other hand, Plaintiff accuses Defendants Danforth, Philbin, and Orr of knowing about Plaintiff's medical condition and refusing to provide assistance. For example, Plaintiff contends that he "contact[ed] and notif[ied] Defendant Danforth about the smoke-related problems and kept requesting for said cell assignment and transfer," yet Defendant Danforth allegedly did not respond. (Doc. 2, p. 11). Plaintiff also alleges that he submitted numerous complaints and notifications to Defendants Danforth, Philbin, and Orr about his smoke-related problems, but Defendants were unresponsive. (Doc. 2, p. 12-13). According to Plaintiff's allegations, Defendants Danforth, Philbin, and Orr were aware of Plaintiff's serious medical needs, while Defendant Conley did not know of Plaintiff's medical condition. Therefore, Defendant Conley cannot be liable for deliberate indifference, but Defendants Danforth, Philbin, and Orr may still be responsible.

Defendants' objections to the report and recommendation have been considered, but are not persuasive. Thus, the Report and Recommendation of the Magistrate Judge shall be approved and adopted as Order of the Court.

**SO ORDERED,** this 12th day of September, 2011.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr

4