IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| WILLIE WATERS, : | |
| : | |
| Plaintiff, : | |
| : | Civil Case No. |
| v. : | 7:10-cv-105 (HL) |
| : | |
| WILLIAM DANFORTH, et al.; : | |
| : | |
| Defendant. : | |

_____

## ORDER

This case is before the Court on Defendants Danforth, Philbin, and Orr's Motion for Reconsideration (Doc. 37). After review, the Court finds that the Motion should be denied.

In this case, the Court has previously ruled on a Motion for Summary Judgment filed by Defendant Conley and a Motion to Dismiss filed by Defendants Danforth, Philbin, and Orr. The Motion for Summary Judgment was granted because the Court determined that Plaintiff could not establish the objective component of a deliberate indifference claim against Defendant Conley. However, the Motion to Dismiss was denied because the Court found that Plaintiff had stated an actionable claim for deliberate indifference in his Complaint against Defendants Danforth, Philbin, and Orr.

Now, Defendants Danforth, Philbin, and Orr contend that the Court's decision was inconsistent. Defendants argue that the Court's determination that

Plaintiff was unable to establish the objective component of a deliberate indifference claim against Defendant Conley should be controlling as to Plaintiff's claims against Defendants Danforth, Philbin, and Orr. According to Defendants' reasoning, if Plaintiff could not establish the objective element against Defendant Conley, then the Court is bound to that finding as to Defendants Danforth, Philbin, and Orr. However, the Court declines to adopt this reasoning.

The Court's determination regarding Defendant Conley was in the context of a motion for summary judgment. In contrast, the Court's decision about Defendants Danforth, Philbin, and Orr was in the context of a motion to dismiss. These are two different motions with two different standards, and the Court's determination on one motion does not necessarily lead to the same finding on another motion. There are contingencies that could occur that would affect the deliberate indifference inquiry as to Defendants Danforth, Philbin, and Orr and lead to a different result. For example, even though Plaintiff did not file a response to Defendant Conley's Motion for Summary Judgment, Plaintiff could respond to Defendants Danforth, Philbin, and Orr and provide evidence that would establish the objective element of his claim.

The procedural posture of Defendant Conley's case was different than that of Defendants Danforth, Philbin, and Orr, and thus, the Court elected to treat them differently. There was no reason to amalgamate the findings from Defendant Conley's Motion for Summary Judgment into Defendants Danforth, Philbin, and Orr's Motion to Dismiss, especially when these three Defendants did

not attempt to join in the Motion for Summary Judgment filed by Conley. Defendants are welcome to file a motion on the merits, and at that time, the Court will apply the deliberate indifference framework. Until that time, the Court finds that Plaintiff has stated an actionable claim against Defendants Danforth, Philbin, and Orr, and therefore, there is no reason to dismiss Plaintiff's claim.

**SO ORDERED,** this 4th day of October, 2011.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr