IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| WILLIE WATERS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | 7:10-CV-105 (HL) |
| | : | |
| WILLIAM C. DANFORTH, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER AND RECOMMENDATION**

Plaintiff, who is proceeding *pro se,* brought the above-styled action pursuant to 42 U.S.C. § 1983 on September 27, 2010. (Doc. 2). Presently pending in this action are Defendants Danforth, Philbin, and Orr's Motion for Summary Judgment, and Motion for Leave to File Excess Pages. (Docs. 41, 43).

**Factual Background**

Plaintiff's Complaint alleges that Defendants were deliberately indifferent to a substantial risk of harm to Plaintiff, violating his Eighth Amendment rights. (Doc. 2). Plaintiff asserts that from January 13 until November 17, 2009, while incarcerated at Valdosta State Prison (hereinafter "VSP", Plaintiff was exposed to unhealthy amounts of environmental tobacco smoke (hereinafter "ETS". Plaintiff alleges that, although he was placed in a "non-smoking housing unit" known as the J-1 dormitory, inmates and correctional officers regularly smoked.

Plaintiff states that he notified Defendants Warden Danforth and Deputy Wardens Philbin and Orr of the problem, and asked if he could be re-assigned to different housing. Plaintiff alleges that he sent Defendants Danforth, Philbin, and Orr several grievances, several witness statements,

and a "medical recommendation" that he should "get a roommate who does not smoke," yet they failed to respond.

As a result of his exposure to ETS at VSP, Plaintiff claims he has experienced a number of health problems, including: a sore throat, burning eyes, nausea, dizziness, vomiting, difficulty breathing, coughing, and sore lungs. Additionally, Plaintiff states that he had to be placed on prescription medication because of his exposure to ETS.

Defendant Conley filed a Motion for Summary Judgment on May 5, 2011 asserting that he was entitled to summary judgment regarding the claim of deliberate indifference alleged against him. (Doc. 26). The undersigned recommended that the Motion be granted. (Doc. 34). The district judge assigned to the case adopted the Report and Recommendation on September 12, 2011, and judgment was entered in favor of Defendant Conley. (Doc. 36).

Defendants Danforth, Philbin, and Orr, the remaining Defendants in the case, filed this Motion for Summary Judgment on February 10, 2012. (Doc. 41). On that same day, the Court notified Plaintiff of the filing of Defendants' Motion for Summary Judgment, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of the date of the Court's Order. (Doc. 42). As of the date of this Recommendation, Plaintiff has failed to file a response.

**Standard of Review**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

2

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1). All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007).

As the party moving for summary judgment, Defendants have the initial burden to demonstrate that no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The movant "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying those portions of the record, including pleadings, discovery materials, and affidavits, "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed R. Civ. P. 56(e)(3).

### Evidence

In asserting that they are entitled to the entry of summary judgment in regard to Plaintiff's claim of deliberate indifference, Defendants rely on personal affidavits, an affidavit from the prison physician, the Georgia Department of Corrections Standard Operating Procedures ("SOP")

handbook, portions of Plaintiff's prison medical records, and Plaintiff's deposition. (Docs. 26, 41). Defendants provided evidence that the smoking and burning of toilet paper violates the SOP, and if an inmate is caught participating in these acts he is issued a disciplinary report for violating prison rules and policies. (Doc. 41-3, Danforth Affidavit, ¶ 8). Defendants Danforth, Philbin, and Orr are unaware of any officer "ignoring the non-smoking policy or impermissibly allowing inmates to smoke in the J-1 dormitory." (*Id.* at ¶ 9; Docs. 41-4, Philbin Affidavit, ¶ 9; 41-5, Orr Affidavit, ¶ 9). Defendants also do not have any personal knowledge "that staff violation of the non-smoking policy was a persistent system-wide problem." (*Id.*). Defendants did not permit any inmates, prison staff, or officers to smoke or burn toilet paper "wicks" during the relevant time period. (Docs. 41-3, Danforth Affidavit ¶ 10; 41-4, Philbin Affidavit, ¶ 10; 41-5, Orr Affidavit, ¶ 10).

The medical records and affidavit from non-party Dr. Moody show that Plaintiff was seen by medical on three occasions for respiratory complaints. (Doc. 26-5, Moody Affidavit). On February 25, 2009, Plaintiff was examined by medical due to complaints of a sore throat, runny nose, cough, and headache. (*Id.* at ¶ 6). The nurse examining Plaintiff observed that Plaintiff's lungs were clear and his throat was not red or irritated, and thus, Plaintiff did not need any treatment. (*Id.*). Plaintiff was advised to notify his counselor or security if he was bothered by his smoking roommate. (*Id.*). On March 12, 2009, Dr. Moody examined Plaintiff and found that Plaintiff had a minor irritation of his airway. Dr. Moody prescribed a QVAR steroid inhaler. (*Id.* at ¶ 7). Plaintiff was seen by medical again on May 7, 2009 as a follow-up to the March 12 appointment. Plaintiff had run out of the inhaler, but his lungs were clear and he was not suffering from any significant respiratory condition. (*Id.* at ¶ 8). Plaintiff did not complain of any more respiratory problems during his remaining six months at VSP. (*Id.* at ¶ 9).

Plaintiff has not filed a response to Defendants' summary judgment motion. The record, however, contains Plaintiff's sworn deposition testimony, submitted by former Defendant Conley in support of his summary judgment motion, and incorporated and relied on by Defendants in their Motion for Summary Judgment. (Docs. 26-7 – 26-8, Plaintiff's Depo.). Although Plaintiff has not responded to Defendants' Motion for Summary Judgment, Rule 56 clearly allows for the Court's consideration of the entire record when ruling on a motion for summary judgment. "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). The notes explaining the amendment further state that "a court may consider record materials not called to its attention by the parties." *Id.* at hist. n. 2010 Amendments.

The Eleventh Circuit has also recognized that courts must consider the record as a whole in ruling on motions for summary judgment. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) ("[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial" (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992) ("[i]n opposing summary judgment, the nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole"). The Court is mindful, as well, of the Plaintiff's *pro se* prisoner status, which the Eleventh Circuit has noted entitles the Plaintiff's pleadings and briefs to a more liberal construction. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990); *see also Keith v. Stewart*, 2006 WL 2298004, n. 1 (N.D. Ga. Aug. 8, 2006) (courts are reluctant to require a *pro se* prisoner to rely on more evidence than his pleadings in response to motions for summary judgment). Thus, Plaintiff's sworn deposition testimony is properly

considered herein as part of the record as a whole and in deciding Defendants' Motion for Summary Judgment.

There is evidence that Plaintiff informed Defendants verbally and in writing that officers and inmates were smoking and burning wicks inside the dormitory. (Doc. 26-8, Plaintiff's Depo. pp. 47, l. 5 – p. 48, l. 9). However, no one responded to Plaintiff's written statements. (*Id.* at p. 48, ll. 17-20). Plaintiff's deposition also shows that Defendants were aware that inmates were smoking because when Defendants made rounds to the cells the inmates would openly smoke in front of them. (*Id.* at p. 46, l. 17 – p. 47, l. 4).

Plaintiff testified that he was seen by medical several times after March 2009 because of his persistent respiratory problems. (*Id.* at p. 60, l. 21 – p. 61, l. 19). Due to the exposure to ETS, Plaintiff experienced respiratory problems, such as: sore throat; irritated, burning eyes; nausea, dizziness, and vomiting; coughing; lung discomfort; difficulty breathing. (*Id.* at p. 54, ll.17-21).

## Discussion

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). A plaintiff can assert a cause of action for exposure to ETS when a prison official, acting with deliberate indifference, exposes the plaintiff to levels of ETS that pose an unreasonable risk of serious damage to his future health. *Helling v. McKinney*, 509 U.S. 25, 35 (1993). The plaintiff must prove both an objective and a subjective component to prevail.

First, under the 'objective component,' a prisoner "must show that he himself is being exposed to unreasonably high levels of ETS." *Id.* The objective component further considers "a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that

such injury to health will actually be caused by ETS." *Id.* at 36. The Court must also "assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Id.*

Second, the plaintiff must show that the prison official acted with deliberate indifference to the plaintiff's plight. *Id.* at 35. To establish the prison official acted with deliberate indifference, the Plaintiff must show that the prison official had "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004). In regard to ETS, "the adoption of the [no] smoking policy . . . will bear heavily on the inquiry into deliberate indifference." *Helling*, 509 U.S. at 36.

In the present case, Plaintiff's medical records show that Plaintiff was treated for a minor airway irritation and inflammation on one occasion in March of 2009. (Doc. 26-6). Plaintiff's condition was treated with a QVAR inhaler. Dr. Moody re-examined Plaintiff in May of 2009 and found that, although Plaintiff's QVAR inhaler had run out, Plaintiff's lungs were clear and he was not suffering from any significant respiratory condition. (Doc. 26-5, Moody Affidavit, ¶ 8). Moreover, since leaving VSP, Plaintiff concedes that he has no respiratory problems and is no longer using the QVAR inhaler. (Doc. 26-8, Plaintiff's Depo. p. 63, l. 24 – p. 64, l. 2). While Plaintiff does state that Dr. Moody told Plaintiff that Plaintiff was allergic to cigarette smoke, neither Plaintiff's medical records, nor Dr. Moody's affidavit support this assertion. (*See Id.* at p. 55, ll. 6-7; Docs. 26-5, Moody Affidavit; 26-6). Furthermore, even if Plaintiff is allergic to smoke, his medical records show that the exposure to ETS did not cause serious medical problems while Plaintiff was housed at VSP. (*See* Doc. 26-5, Moody Affidavit, ¶ 8).

7

Plaintiff has not sufficiently shown that he was exposed to high levels of ETS which caused serious respiratory problems. While Plaintiff may have been exposed to ETS, he has provided no evidence that he was exposed to an unreasonable amount of ETS or that he is suffering from a serious respiratory condition due to the levels of ETS to which he may have been exposed. *See Giddens v. Calhoun State Prison*, 277 Fed. Appx. 847, 848 (11th Cir. 2011) (affirming summary judgment in favor of defendants when plaintiff showed he had been exposed to ETS, but presented no evidence as to the levels of ETS he was exposed to and no evidence refuting the medical diagnosis that he suffered from no serious respiratory problems); *Oliver v. Deen*, 77 F.3d 156, 158-59 (7th Cir. 1996) (finding that passive tobacco exposure was not a serious threat to an inmate who had a smoking cellmate for 133 days, even though the plaintiff suffered mild asthma). Plaintiff has not provided sufficient evidence to show that he was exposed to unreasonably high levels of ETS, or suffered a serious injury to his health from his exposure to ETS. At most, Plaintiff experienced a throat irritation on one occasion, but admits that since leaving VSP he has had no respiratory problems. Thus, Plaintiff has not shown there is a genuine issue of material fact as to the objective element of his deliberate indifference claim.

Even if Plaintiff could satisfy the objective element of his claim, he has not shown that Defendants were deliberately indifferent. Plaintiff has offered no evidence that Defendants were aware that Plaintiff had a medical condition which posed a serious risk to Plaintiff's health. Plaintiff testified that he told Defendants that inmates were smoking, but Plaintiff does not state that he told Defendants of a serious medical problem. (*See* Doc. 26-8, Plaintiff's Depo. pp. 39-41).

Moreover, the record includes the Department of Corrections Standard Operating

8

Procedures handbook which shows that there is a "no smoking" policy in place at VSP.  (Docs. 26-4; 41-3, Danforth Affidavit, ¶¶ 5, 7).  "The lack of enforcement of the existing smoking policy at best shows mere negligence and is insufficient to demonstrate deliberate indifference." *Brown v. Head*, 190 Fed. Appx. 808, 810 (11th Cir. 2006).   Plaintiff has only provided personal observations of smoking inside the J-1 dormitory, and thus, Plaintiff has, at most, shown that Defendants may have been negligent in failing to enforce the "no smoking" policy. (*See* Docs. 2-2; 26-8, Plaintiff's Depo.).  As mere negligence is insufficient to establish deliberate indifference, Plaintiff has not created an issue of material fact as to the subjective element of his deliberate indifference claim.  *Farrow v. West*, 320 F.3d 1235, 1243; *see also Kelley v. Hicks*, 400 F.3d 1282, 1285 (11th Cir. 2005) (plaintiff's evidence that prison officials did not enforce the "no smoking" policy was mere negligence and did not raise to the level of deliberate indifference).

   Plaintiff has failed to provide sufficient evidence to establish that there is a genuine issue of material fact in dispute as to either the objective or subjective elements necessary to prove the claim of deliberate indifference against Defendants.   As Plaintiff has failed to sufficiently rebut Defendants' summary judgment showing, it is the recommendation of the undersigned that Defendants' Motion for Summary Judgment be **GRANTED**.

   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Motion to Exceed Page Limit (Doc. 43)*

   Defendants filed a Motion to Exceed Page Limit requesting the Court's permission to file a Brief in support of their Motion for Summary Judgment that exceeds the Court's twenty (20) page

9

limit.   Defendants=Motion to Exceed Page Limit is hereby **GRANTED**.

**SO ORDERED AND RECOMMENDED**, this 9th day of May, 2012.

s/ *THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

llf